UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br>v.<br><br>SeaTac Hotels, LLC; G6 Hospitality, LLC; G6 Hospitality IP, LLC; G6 Hospitality Property, LLC; G6 Hospitality Purchasing, LLC; G6 Hospitality Franchising, LLC; and DOES 1-200, inclusive,<br><br>Defendants. | CASE NO. 2:25-cv-00156-JHC<br><br>**STIPULATION AND ORDER TO CONTINUE THE EXPERT DISCLOSURE DATE** |

Pursuant to Federal Rule of Civil Procedure 16(b)(4) and Local Rule 16(b)(6) of the United States District Court for the Western District of Washington, and this Court's Standing Order, Plaintiff Jane Doe ("Plaintiff") and Defendants SeaTac Hotels, LLC; G6 Hospitality LLC; G6 Hospitality IP LLC; G6 Hospitality Property LLC; G6 Hospitality Purchasing LLC; and G6 Hospitality Franchising LLC (collectively, "the Parties") by and through their undersigned counsel, stipulate and jointly move the Court to continue the disclosure of expert testimony deadline thirty (30) days from the date currently set forth in the Court's Scheduling Order (Dkt. 39) for good cause. A proposed revised schedule is set forth below.

The Parties have met and conferred in good faith and agree that good cause exists for a 30-day continuance for the disclosure of expert testimony deadline for the following reasons:

1. Plaintiff filed her case on January 23, 2025.

2. The trial is presently set in this matter for April 12, 2027.

3. No prior requests for a continuance have been made.

4. A Protective Order was filed and was entered on January 26, 2026.

5. Plaintiff disclosed her identity to Defendants on January 29, 2026.

6. This is a complex case involving allegations of sex trafficking, numerous defendants, and incidents that took place at multiple properties. The Parties have consistently exchanged information and diligently engaged in the discovery process, and are meeting and conferring regarding discovery.

7. A modest continuance for the disclosure of expert testimony deadline will enable the Parties to prepare expert reports based on a fully-developed record rather than be hampered by incomplete discovery and unresolved issues (which could otherwise require supplemental expert reports).

8. The Parties have been working together since early July to find a mutually-agreeable date for Plaintiff's deposition. The Parties have agreed that Plaintiff's deposition will proceed on September 4, 2026 (ten days before the current expert witness disclosure deadline). Extending the expert disclosure deadline by thirty days will ensure all Parties' experts have sufficient time to review the transcript of Plaintiff's deposition and incorporate the same into their reports.

9. The requested continuance is sought in good faith and is not sought for purposes of delay. Extending the deadline for the disclosure of expert testimony under FRCP 26(a)(2) will not require the trial date or any related deadlines to be pushed back by the Court.

10. The Parties believe the below-proposed schedule reflects this balance, subject to the Court's availability:

| **Event** | **Current Deadline** | **Proposed Deadline** |
|---|---|---|
| Disclosure of expert testimony under FRCP 26(a)(2) | September 14, 2026 | October 14, 2026 |

For these reasons, good cause exists. The Parties hereby stipulate, agree, and request the Court to order the deadline for the disclosure of expert testimony under FRCP 26(a)(2) to be continued, as set forth above.

**ITS SO STIPULATED.**

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD, AND SO ORDERED BY THE COURT.**

DATED THIS 26TH DAY OF AUGUST, 2026.

John H. Chun

John H. Chun
UNITED STATES DISTRICT JUDGE